SHEQUIN, Appellant, vs. SHEQUIN, Respondent.

*May 5—June 1, 1915.*

*Divorce: Absolute or limited? Prayer of complaint: Consent of coun-
sel: Division of property: Motion to modify decision: Discretion.*

1. Under sec. 2358, Stats., a divorce from the bonds of matrimony
   may be granted upon proof warranting such judgment, even
   though the complaint asked only a limited divorce.
2. In an action for a limited divorce, the consent of plaintiff's attor-
   neys to a judgment of absolute divorce is binding upon plaintiff,
   and the prayer of the complaint may be treated as amended ac-
   cordingly.
3. Upon granting to the wife a divorce on the ground of cruelty, the
   court has power to divide property held in the wife's name but
   derived from the husband; and where the value of the property
   of the parties was $8,050, all of which had been purchased by the
   husband's earnings except that the wife had contributed thereto
   her separate estate of $350, a division giving to the wife $2,600
   and the $350 so contributed by her was not erroneous.
4. A motion for modification of the decision in a divorce action and
   for permission to produce further evidence, made after the filing
   of the decision but before judgment, was addressed to the dis-
   cretion of the trial court; and no abuse of such discretion ap-
   pearing, the denial of the motion is sustained.

APPEAL from a judgment of the circuit court for Brown
county: HENRY GRAASS, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff against the defend-
ant for divorce from the bonds of matrimony, but before trial
the prayer of the complaint was amended so as to demand a
divorce from bed and board.

The answer denied the material allegations of the com-
plaint respecting cruel and inhuman treatment and by coun-
terclaim set up cruel and inhuman treatment on the part of
the plaintiff, and also asked that the title to certain real es-
tate which had been conveyed to the plaintiff be divested and
the title vested in the defendant. The prayer of the original
answer of the defendant was for a divorce from bed and
board, and after the plaintiff's complaint was amended so as

to pray for a divorce from bed and board the defendant obtained an amendment to the prayer of his answer asking for an absolute divorce.

The court rendered its decision dissolving the bonds of matrimony and making a final division of property, which it found to be worth $8,050 and allowed plaintiff $2,950 and vested the title to the real estate, which was in the plaintiff's name, in the defendant.

The court below made the following findings and conclusions:

That the parties intermarried May 8, 1894, and have ever since resided in the state of Wisconsin; that at the time of their marriage defendant was worth $3,000, and that the plaintiff during the latter part of her married life received from her mother's estate $350; that at the time of said action there was in the joint names of plaintiff and defendant real estate and personal property of the value of $8,050; that said property consists of lots 1 and 2, Kelley's addition to the city of Green Bay, and real-estate mortgage known as the Umentum mortgage, being in the form of a land contract on the west half of the east half of the northeast quarter, section 22, township 23, range 21 east; that all of said property was purchased with the earnings of the defendant with the exception of the $350 interest owned by plaintiff, and that the net worth of the joint properties was $7,700; that the defendant was guilty of a course of cruel and inhuman treatment of plaintiff as set forth in the court's decision herein on file; that defendant is an able-bodied man, capable of earning an average wage of $95 per month; that the children of the parties are two, to wit, George Shequin, aged eighteen years, and Eileen Shequin, aged fourteen years; that the mother, this plaintiff, is a fit and proper person to have the care and custody of them.

The court concluded that the plaintiff is entitled to a divorce from the bonds of matrimony, plaintiff's attorneys,

Martin, Martin & Martin, having in open court acquiesced in said conclusion; that she is entitled to an allowance for the support and education of said Eileen Shequin of $150 per year, $50 payable every four months until she finishes her education in high school; should she leave school to seek a position or employment before graduation, this decree may then be modified respecting such payments; that no sum should be paid for the support of George Shequin, he having finished his high school education and being large, strong, healthy, and able to work; that in lieu of alimony a final division and disposition of the estate, real and personal, of said defendant, and so much thereof as may be held by him or by this plaintiff, be and is hereby made between the parties, plaintiff having failed to exercise her option as provided by the decision of this court heretofore filed, as follows: that the real estate described as lots 1 and 2, Kelley's addition to the city of Green Bay, Brown county, Wisconsin, be and the same is hereby awarded to the defendant, *George Shequin,* and the title in fee thereof is hereby divested from the plaintiff and transferred to the defendant absolutely; that the defendant pay to the plaintiff, in lieu of her interest in said property and as such final division thereof, $2,950, which includes her separate property of $350; that the plaintiff have the household furniture, cooking utensils, and household furnishings belonging to the defendant and to the plaintiff separately or jointly, and that title therein be vested in this plaintiff; that the title to the above described property, to wit, the west half of the east half of the northeast quarter, section twenty-two (22), township twenty-three (23), range twenty-one (21) east, is awarded to the defendant, and the title in fee thereof is hereby divested from the plaintiff and transferred to the defendant absolutely, subject, however, to the land contract thereon held by the said John Umentum; that the plaintiff recover her taxable costs in this action; that the plaintiff be awarded the care and custody of the minor children, George

Shequin and Eileen Shequin, with permission to defendant to visit them at all proper and reasonable hours.

Judgment was entered upon these findings, from which the plaintiff appeals.

*J. H. M. Wigman,* for the appellant.

For the respondent there was a brief by *Sheridan, Evans & Merrill,* attorneys, and *Victor I. Minahan,* of counsel, and oral argument by *Mr. Minahan.*

KERWIN, J.    1. It is contended that the court erred in dissolving the bonds of matrimony at the request of the guilty party and against the protest of the plaintiff.    The record shows that the judgment was entered by consent of the attorneys for the plaintiff.

The evidence is ample to support the finding that the defendant was guilty of cruel and inhuman treatment and the findings fully support the judgment.    The mere fact that the prayer of the complaint asked for a limited divorce did not preclude the court from granting a divorce from the bonds of matrimony when the proof warranted such judgment. Sec. 2358, Stats.; *Dutcher v. Dutcher,* 39 Wis. 651.

Moreover, the consent of the plaintiff's attorneys to the rendition of the judgment is binding upon plaintiff and the prayer of the complaint may be treated amended accordingly. *Beem v. Kimberly,* 72 Wis. 343, 39 N. W. 542; *Lowe v. Ring,* 115 Wis. 575, 92 N. W. 238; *Ill. S. Co. v. Warras,* 141 Wis. 119, 123 N. W. 656; 4 Cyc. 935.

2. It is further argued by counsel for appellant that the court erred in the division of property.    The findings set out in the statement of facts are supported by the evidence.    The title to the real estate divided was in the plaintiff, having been placed there by defendant when in poor health.    But the court had power under the statute to divide the property, the title to which was in the plaintiff.    Sec. 2364, Stats. This statute provides in part that "the court may finally di-

vide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband. . . ."

But it is insisted that in view of the fault of the defendant and the circumstances of the case the plaintiff should have been awarded a larger portion of the estate. The value of the property at the time of trial was $8,050, which included $350 of plaintiff's separate estate. The plaintiff was awarded $2,600 and $350, amount of her separate estate. We cannot say that the court erred in this division. *Edleman v. Edleman,* 125 Wis. 270, 104 N. W. 56; *Roelke v. Roelke,* 103 Wis. 204, 78 N. W. 923; *Lindenmann v. Lindenmann,* 118 Wis. 175, 95 N. W. 96; *Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798.

3. After decision of the case and before judgment the plaintiff moved for a modification of the decision and to be permitted to produce further evidence. The appellant claims that the court erred in denying this motion. The motion was addressed to the discretion of the court. *Robinson v. Oconto,* 154 Wis. 64, 142 N. W. 125.

The court below rendered a decision in writing upon this motion, which appears in the record, and from which it appears that the court very carefully considered the matter and held that the motion should not be granted. We are clear from an examination of the record that there was no abuse of discretion in denying the motion.

*By the Court.*—The judgment is affirmed.