ESTATE OF KEHL: KEHL and another, Appellants, vs. KEHL, Respondent.

*April 5—May 1, 1934.*

For the appellants there was a brief by *Grotophorst, Quale & Langer* of Baraboo and *Tichenor & Tichenor* of Waukesha, and oral argument by *Norman Quale.*

For the respondent there was a brief by *Lockney & Lowry,* attorneys, and *Richard N. Hunter* of counsel, all of Waukesha, and oral argument by *Mr. Henry Lockney* and *Mr. Hunter.*

FOWLER, J.   The parties agree that the oral statement of the court operated as a valid judgment of divorce, under the rule of *Zahorka v. Geith,* 129 Wis. 498, 109 N. W. 552, wherein it was held that an oral announcement from the bench that a divorce was granted so operated without anything further being done in the matter.   They differ, however, as to the kind of divorce that was granted.   The appellants claim it is a divorce *a vinculo;* the respondent that it is a divorce from bed and board.   The appellants concede that if it is a divorce from bed and board, Mrs. Kehl is the lawful widow of the deceased and entitled to share as such in his estate.

Counsel for the appellants base their contention that the judgment should be construed as one *a vinculo* on the fact that, as they claim, when the trial judge announced the judgment he manifestly understood that the judgment was of

that kind, and the judgment should be given effect according to his intention. They argue that such was the trial judge's intent because he stated in immediate connection with the announcement of the granting of the divorce that the parties could not lawfully remarry within a year, and that such a statement has no application to a judgment from bed and board, as the parties to such a judgment cannot remarry at all (*Gallagher v. Gallagher*, 101 Wis. 202, 206, 77 N. W. 145), because the admonition against remarrying is required by sec. 247.37 (3) to be given by the trial judge to the parties upon granting a judgment from the bonds of matrimony, and as the judge gave the admonition in performance of his statutory duty he must have understood the judgment was such as imposed that duty; because comparatively few divorces from bed and board are granted, and as nothing was said to the contrary the judge must have understood he was granting the usual divorce; and because sec. 247.33 provides that in case of a judgment of divorce from bed and board the separation may be forever or for a limited time, and if the judge had intended such a divorce he would have stated whether the separation should be temporary or permanent.

The argument is not without force, but we consider that under the circumstances involved the prayer of the complaint should govern the nature of the divorce. The clerk's entry on his minutes is not inconsistent with such a judgment. Cruel and inhuman treatment is one of the grounds for which such a judgment may be granted. Secs. 247.07 (5) and 247.08 (1); Stats. It is true that a court may grant a divorce *a vinculo* although the prayer of the complaint be for one from bed and board. Sec. 247.09, Stats.; *Shequin v. Shequin*, 161 Wis. 183, 152 N. W. 823. But the prayer of the complaint, with nearly all judges, we believe, controls the nature of the judgment granted by the court,

especially when the defendant interposes no objection, and none was interposed herein. We consider that the real intention of the court was to render a judgment in accordance with the prayer of the complaint.

The trial judge announced that he would determine the property rights of the parties later, and that until he did so the order for alimony made pending suit should continue. The court may make a final division of property on granting a divorce from bed and board as well as in granting one *a vinculo*. The intention to consider what should be done in that respect is thus not inconsistent with intention to grant a judgment such as was prayed for. Had such a division been made, it would have barred the plaintiff from sharing in his estate after the defendant's death. *Gallagher v. Gallagher, supra.* But none having been made, she retained her rights in that respect.

As a general rule judgments must conform to the pleadings and the relief granted is limited by that demanded in the complaint, both as to character and amount. 3 Freeman, Judgments, 2688. When judgments are ambiguous they are construed in accordance with the pleadings. *Succession of Durnford,* 1 La. Ann. 92; *Peniston v. Somers,* 15 La. Ann. 679. The whole record may be gone into in construing such a judgment. *Fleenor v. Driskill,* 97 Ind. 27; *Clay v. Hildebrand,* 34 Kan. 694, 9 Pac. 466; *Fowler v. Doyle,* 16 Iowa, 534; *Four Mile L. & C. Co. v. Slusher,* 107 Ky. 664, 55 S. W. 555; *Walker's Ex'r v. Page,* 21 Gratt. (Va.) 636. But taking into consideration the entire proceedings before the court that entered the divorce judgment, we are of opinion that the judgment should be construed as one of divorce from bed and board.

The respondent contends that the reporter's transcript of the proceedings in the circuit court upon the trial of the divorce case is not receivable in evidence because not properly

certified to by the reporter. Objection was not interposed on that ground. Had it been, a proper certificate could have been procured and the transcript properly admitted. But not objecting to the form of the certificate, the respondent waived the defect in it, if any there was. Objection is also made that what the trial judge said on granting the judgment is not receivable. Doubtless it could not be received as contradicting the plain and unambiguous terms of a judgment. But in reason and under the cases above cited it is receivable in case of ambiguity. In the instant case, however, the objection to the transcript was particularly limited to the portion preceding the statement of the trial judge, and the contention that it was not receivable is entirely without merit.

We feel that we should not close this opinion without warning the bar against the lax and careless practice followed in the divorce action involved herein. An oral announcement of a judgment from the bench should be followed by findings by the trial judge. Sec. 270.33, Stats. Entry of a formal judgment complete in its terms should follow the findings. This is particularly true of divorce actions. Counsel owe to their clients the duty to see that these things are done.

*By the Court.*—The judgment of the county court is affirmed.