Sang, Appellant, vs. Sang, Respondent.

*March 12—April 7, 1942.*

290

For the appellant there was a brief by *Simon Horwitz* of Oshkosh, attorney, and *Sanborn, Blake & Aberg* of Madison of counsel, and oral argument by *Mr. Ernest H. Pett* of Madison and *Mr. Horwitz*.

For the respondent there was a brief by *Bouck, Hilton & Dempsey* of Oshkosh, and oral argument by *Joseph F. Dempsey*.

MARTIN, J.   As appears from the foregoing statement, this was an action for divorce from bed and board commenced by the plaintiff-husband on April 5, 1940.   The court granted plaintiff an absolute divorce from the bonds of matrimony. Since neither of the parties had been a *bona fide* resident of the state of Wisconsin for the two years next preceding the commencement of the action, the court had no power to grant a judgment of divorce from the bonds of matrimony. Sec. 247.06, Stats. 1939, so far as here material, provides:

"For purposes of divorce, either absolute or from bed and board, jurisdiction may be acquired by publication as provided in the statutes or by personal service upon the defendant within this state, under the following conditions:

"(1) When, at the time the cause of action arose, either party was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the action, *except that no action for absolute divorce shall be commenced for any cause other than adultery or bigamy, unless one of the parties has been for the two years next preceding the commencement of the action a bona fide resident of this state.*

"(2) If, since the cause of action arose, either party, for at least two years next preceding the commencement of the action, has continued to be a *bona fide* resident of this state."

Neither adultery nor bigamy is alleged.   It is clear that neither party had been a *bona fide* resident of Wisconsin for the required period of time to confer jurisdiction for granting an absolute divorce.   Under sub. (1) of sec. 247.06, Stats., a

divorce from bed and board might properly have been granted. In *Shequin v. Shequin* (1915), 161 Wis. 183, 152 N. W. 823, and *Estate of Kehl* (1934), 215 Wis. 353, 254 N. W. 639, the court held that the trial court may grant an absolute divorce although the prayer be for one from bed and board. However, in both cases the parties were *bona fide* residents of Wisconsin for two years next preceding the commencement of the action. Divorce proceedings are purely statutory, and all the requirements of the legislative enactment must be fulfilled in order to give the court jurisdiction.

The respondent contends that if the court erred in granting an absolute divorce instead of a divorce from bed and board, it is immaterial on the question of the custody of the children. Their custody having been awarded by the judgment and the court having no jurisdiction to enter the judgment it did, the whole judgment is void. It is void for the further reason that it awarded the custody to the maternal grandparents, residents of Indianapolis, Indiana. Sec. 247.24, Stats., so far as material, provides:

"In rendering a judgment of nullity of marriage or for divorce, whether from the bond of matrimony or from bed and board, the court may make such further provisions therein as it shall deem just and proper concerning the care, custody, maintenance, and education of the minor children of the parties, and give the care and custody of the children of such marriage to one of the parties to the action, or may, if the interest of any such child shall demand it, and if the court shall find that neither of the parents is a fit and proper person to have the care and custody of any such child, give the care and custody of such child to any fit and proper person, *who is a resident of this state* and willing to receive and properly care for such child, or to any institution incorporated for such purposes and willing and authorized to receive and care for such child, having due regard to the age and sex of such child. . . ."

The court below found "that the defendant is not a fit and proper person to have the care and custody of the minor chil-

dren." There is no finding that the plaintiff is not a fit and proper person to have the care and custody of the minor children.

In *Smith v. Smith,* 209 Wis. 605, 245 N. W. 644, the judgment there entered awarded the custody of the child to the plaintiff-father with leave to the defendant-mother to visit the child at reasonable hours once a week. After the divorce the mother went to live with her parents in the state of Massachusetts. Thereafter, upon the petition of the mother, an order to show cause was entered by the trial court requiring the plaintiff to show cause why the said child should not be permitted to visit the defendant at her home in Massachusetts during the summer vacation months. At the hearing on the order to show cause affidavits were presented showing that the home of the parents of the defendant was a proper and fit place for the minor child. The trial court ordered that "while the legal custody and control shall remain as set forth in the findings and order [as originally entered], that it is now ordered that the child be allowed to be for the next sixty days in the technical custody of the mother, but in reality in the full charge, control, and care of Frederick A. McKeon, the maternal grandfather of the child and father of the mother, and that he be the responsible party having charge of this child and its care, and the responsible party to see that it is properly returned at the end of the sixty days, here at Madison, to the plaintiff and his parents, who are the regular legal custodians thereof." At page 609 the court said:

"The clear effect of the order, in our opinion, was to modify the judgment with respect to the custody of the child and to award his custody to the maternal grandfather for a period of sixty days."

Then, referring to sec. 247.24, Stats., the court said:

"Viewing the order of the court as a modification of the judgment with respect to the custody of the child, as we are

impelled to do, we think that the order was void upon its face for the following reasons: (1) The court did not find that the interest of the child demanded a change of custody. (2) The court did not find that neither of the parents was a fit and proper person to have the care and custody of the child. (3) The court gave the care and custody of the child to one who was not a resident of this state." Citing *Hopkins v. Hopkins,* 39 Wis. 167; *McCabe v. McCabe,* 126 Wis. 154, 105 N. W. 665.

The statute clearly contemplates that the children shall remain with one of the parents where such parent is a fit and proper person to have such care and custody. *McCabe v. McCabe, supra,* p. 159. Under the statute such care and custody must be given to a person who is a resident of this state. The respondent argues that the decision in *Bennett v. Bennett,* 228 Wis. 401, 280 N. W. 363, is authority for the proposition that the court may award the custody of the children to parties outside the state wherein the judgment was granted. That case does not so hold. There, the father, who at the time the divorce decree was entered was a resident of Dane county, was given the custody of the children in question. Thereafter the father had an opportunity of employment in New York at a larger salary than he was then earning in Madison, with prospects of advancement. The matter came before the court on application of the father for permission to move the children to his new residence in New York state. The mother resisted the application and asked to have custody of the children herself. The trial court granted the application of the father to remove said children from the state of Wisconsin to the state of New York. The order contained a provision that if the mother remained in Wisconsin she should have the right to the visitation with said children in the state of Wisconsin during the months of July and August of each year until the further order of the court; that in the event of such visitation the plaintiff-father should pay all of the actual and necessary expenses of the

children in sojourn from New York to Wisconsin and from Wisconsin back to New York. The order further provided that in the event that the mother decided to remove to the state of New York she should there have the right to the visitation with the children at the same times as provided for in the original order. At page 403 the court said:

"The question raised by the appellant as to whether there was an abuse of discretion in granting to the father, who had the custody of the children under an order of the court, permission to take the children from the state of Wisconsin and physically out of this jurisdiction, must be answered against the appellant. The father has an opportunity of employment in New York at a larger salary and with prospect of advancement. His reasons for moving were investigated by the court below and were found to be sufficient. For the father to have the advantage of this opportunity was found to be consistent with the welfare of the children. In the order for change of residence there is provision for as full an opportunity of visitation by the mother as the circumstances warrant, and the evidence concerning the condition of the children under the father's care is convincing that the wiser course is to leave them with him. The arrangement for the boys to visit their mother during the summer is just, considering the means of the parents."

The court further said:

"The circuit court of this state having jurisdiction of the parties, comity and the full-faith-and-credit clause of the federal constitution may be relied upon to furnish assurance of the recognition of its orders in other states."

In the instant case the county court of Winnebago county had no jurisdiction of the maternal grandparents who lived in Indianapolis, Indiana, to whom the court had awarded the custody of the children. In any event, sec. 247.24, Stats., is controlling and the provision in the judgment awarding the custody of the two minor children to the maternal grandparents is void. It follows that the order entered by the court on September 9, 1941, directing plaintiff to deliver the two

minor children into the custody of Mr. and Mrs. Frank Benes, at 61 North Keystone avenue, Indianapolis, Indiana, on or before September 13, 1941, or be held in contempt of court, is also void and must be reversed.

The plaintiff's motion for change of venue on the ground of alleged prejudice of the judge of said court was made in connection with plaintiff's motion to modify the judgment theretofore entered with reference to the custody of the minor children. It appears that there were proceedings in the case before the court on several occasions during 1940 and 1941 prior to the entry of the judgment on August 19, 1941. It is considered that the motion for a change of venue coming, as it did, on plaintiff's application for modification of the judgment was not timely. The order denying a change of venue will be affirmed.

It is suggested by appellant that we modify the judgment so as to grant plaintiff a divorce from bed and board and the custody of the minor children. In view of our conclusions the parties are back in the same position they were in at the commencement of the trial in the court below. The trial court should determine whether a divorce from bed and board should be granted; also, what temporary and permanent provisions should be made for the custody of the children. The unfortunate situation of the parties, and particularly the custody of the children, can be more satisfactorily handled by the trial court in view of its contact with the parties throughout the litigation.

*By the Court.*—Judgment reversed. The order of September 9, 1941, as to the custody of the minor children is reversed. The order of September 9, 1941, denying plaintiff's motion for change of venue is affirmed.