HOOKER, Appellant, v. HOOKER, Respondent.

*October 7—November 3, 1959.*

332

334

For the appellant there were briefs by *O'Melia & Kaye* of Rhinelander, and oral argument by *Donald C. O'Melia.*

For the respondent there was a brief by *Hoffmann, Trembath & Gullickson* and *Robert W. Monk,* all of Wausau, and oral argument by *Stuart G. Gullickson.*

FAIRCHILD, J. ■ *Sufficiency of service upon attorneys of record.* It is clear that when the court entered the order of January 6, 1959, appealed from, the court's authority to review the judgment under sec. 269.46 (3), Stats., had expired, and that no attempt was made to show "mistake,

inadvertence, surprise, or excusable neglect" under sec. 269.46 (1). Authority to enter the order must be found in sec. 247.37 (2) reading, in part, as follows:

"So far as said judgment or decree affects the status of the parties the court shall have power to vacate or modify the same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the granting of such judgment or decree, provided both parties are then living. But no such judgment or decree shall be vacated or modified without the service of notice of motion, or order to show cause on the divorce counsel, and on the parties to the action, if they be found."

Appellant plaintiff contends that personal service of notice upon her attorney of record in the action is insufficient compliance with the statute, her address in California being known to the defendant.

The problem is to construe the expression "on the parties to the action, if they be found." It must be noticed that sec. 269.37, Stats., provides "when a party to an action or proceeding shall have appeared by an attorney the service of papers shall be made upon the attorney." Notices of appeal under sec. 274.11, requiring service on each adverse party who appeared, and of proposed bills of exceptions and other papers pursuant to secs. 270.44 and 270.47, requiring service on the adverse party, are commonly served upon the attorneys of record rather than on the party himself after judgment has been entered in an action. Evidently, it is generally understood that an attorney of record in an action retains his duty and authority as such for some period of time, or at least in certain proceedings, after judgment. The problem of sufficiency of service on an attorney of record after judgment has been considered in a number of cases where a motion has been made for change of custody. There

is considerable conflict in the decisions. See 42 A. L. R. (2d) 1115. The case .annotated was *Moore v. Lee* (Fla. 1954), 72 So. (2d) 280, 42 A. L. R. (2d) 1112. There the Florida court held that service of notice on the attorney of record, after the time for an appeal from the final decree had expired, was insufficient, apparently implying that within the time for appeal the attorney of record presumptively has authority as attorney and may effectively be served with notice. At the time of the service of the notice upon plaintiff's attorney in this action, the time for appeal had not expired. It is our view that when a party retains an attorney to appear in an action, the party contemplates the usual and ordinary proceedings which may be taken after judgment, and the statutory provisions for appeal and review of the judgment within specified periods from the date of entry, and that in the absence of a substitution or withdrawal of the attorney of record, service of notice upon such attorney is sufficient in all such proceedings and is authorized by sec. 269.37.

■ *Effect of "November" appeal upon jurisdiction of trial court.* Before the court made its order of January 6, 1959, defendant served the notice of appeal and undertaking which we have referred to as the "November" appeal. Defendant appealed only from the portions of the judgment providing for alimony and division of property. Plaintiff claims that this appeal took away from the circuit court all its authority to vacate the judgment under sec. 247.37 (2), Stats. This court has held, however, that this section has created a special rule for divorce judgments, that "notwithstanding an appeal from that part of a divorce judgment relating to alimony or division of property, the right is reserved to the trial court to vacate or modify the judgment so far as it affects the status of the parties." *Seyfert v. Seyfert* (1930), 201 Wis. 223, 227, 229 N. W. 636.

■ *Sufficiency of cause.* In moving for vacation of the judgment, defendant proposed no answer, and his moving papers suggested no defense to the allegations of the complaint or amended complaint. Neither did they present any fact occurring after judgment which would be a ground for vacating the judgment such as in *Kilmer v. Kilmer* (1946), 249 Wis. 41, 23 N. W. (2d) 510. The defendant's moving papers asserted that the property division was inequitable, but the court's power to review a property division, as such, expires at the latest sixty days after the end of the term of entry thereof. Sec. 269.46 (3), Stats.; *Anderson v. Anderson,* ante, p. 133, 98 N. W. (2d) 434. If defendant shows no facts with which to challenge plaintiff's right to absolute divorce, he has shown no cause for vacating the judgment as to status. The burden should be upon him to present to the court some reason for concluding that the correctness of the judgment as to status was open to question.

Defendant's moving papers did refer to the insufficiency of the service of the amended summons and complaint. We have considered whether this made the divorce judgment void, and conclude that it did not. It is clear that the attempted service of the amended summons and complaint did not confer jurisdiction over the defendant. Sec. 262.13 (1) and (2), Stats., required that there be filed either proof of mailing, or proof that defendant's post-office address could not be ascertained with reasonable diligence. The record suggests that the address was known and proof of mailing is absent. The original summons and complaint, however, were personally served, as well as two other orders made with respect to temporary alimony and the sale of property which were personally served upon the defendant upon different dates.

It is also true that the record suggests that neither party had been a resident of Wisconsin for at least two years next preceding the commencement of the action as required by

sec. 247.06 (1), Stats., when an action is begun for absolute divorce on the grounds of cruel and inhuman treatment. This action, however, was originally commenced for divorce from bed and board, and in that situation jurisdiction could be acquired where either party was a *bona fide* resident at the time the cause of action arose and continued so to be down to the time of the commencement of the action. The record indicates that plaintiff met this requirement.

The judgment for absolute divorce was not entered until after plaintiff had been continuously a resident for more than two years. The circuit court has power to enter a judgment for absolute divorce in an action where the pleadings merely seek a divorce from bed and board. *Shequin v. Shequin* (1915), 161 Wis. 183, 152 N. W. 823; *Estate of Kehl* (1934), 215 Wis. 353, 254 N. W. 639; *Rohloff v. Rohloff* (1943), 244 Wis. 153, 158, 11 N. W. (2d) 507. Since the enactment of ch. 535, Laws of 1957, sec. 247.09, Stats., has so provided. We are aware that in *Sang v. Sang* (1942), 240 Wis. 288, 292, 3 N. W. (2d) 340, this court held that a judgment for absolute divorce entered upon a complaint seeking a divorce from bed and board upon the grounds of cruel and inhuman treatment was void where neither party had been a *bona fide* resident of Wisconsin for two years next preceding the commencement of the action. In that case, however, it was also true that the judgment held void was also entered before the two-year period had elapsed. We construe the statutes as permitting entry of an absolute divorce on grounds of cruel and inhuman treatment in an action properly commenced for divorce from bed and board where one party has continued for two years next preceding the entry of judgment to be a *bona fide* resident of Wisconsin, even though neither party had been a resident for the full two years at the time the action was commenced. To hold otherwise, would be to require that even though a meritorious action for bed and board had been commenced

before the lapse of two years' residence, a new action would have to be commenced after the lapse of the two years' residence before an absolute divorce could be granted. We therefore reverse the order of January 6, 1959.

■ Defendant, in April, 1959, attempted to appeal for a second time from the alimony and property-division portions of the judgment. He has also served a notice of motion to review these portions of the judgment upon the plaintiff's appeal from the order vacating the judgment. Plaintiff has moved to dismiss this appeal and the motion to review. Plaintiff's motions must be granted because the April appeal is not timely, and on the appeal from an order vacating a judgment a motion to review cannot reach back to the judgment.

■ *The November appeal.* Copies of the notice of the November appeal and undertaking are in the record, presumably those which were served upon the clerk of circuit court. The parties evidently agree that the notice and undertaking were, in fact, served upon both the plaintiff and the clerk. Accordingly, the appeal was perfected under sec. 274.11 (1) and (2), Stats. *Blaisdell v. Allstate Ins. Co.* (1957), 1 Wis. (2d) 19, 23, 82 N. W. (2d) 886. Defendant failed to cause the clerk to transmit the record to this court and served no briefs, doubtless because of the entry of the order of January 6, 1959, which we now reverse. Plaintiff moves that we dismiss this appeal, which we properly could do because of the failure to cause the record to be transmitted and the failure to serve an appellant's brief. Under the peculiar circumstances here, however, the merits have, in fact, been briefed and argued in connection with the appeal which defendant attempted to take in April, and which is a duplicate of the November appeal. Under all the circumstances, and because the circuit court has made it evident that it considers that the issues as to alimony and property division have not been fully tried and should be

retried in the interest of justice, we have elected to consider the merits of the November appeal.

■ *The bill of exceptions.* The record before us contains a bill of exceptions which discloses the testimony and the proceedings at the hearing on January 7, 1958, upon which the court ordered judgment. Plaintiff contends that the bill of exceptions was served too late because a copy of the judgment was personally delivered to defendant on March 24, 1958, and the proposed bill of exceptions was not served until April 24, 1959. Service of a copy of a judgment, without a formal notice stating that it has been entered, is not, however, deemed to be service of "written notice of entry" under sec. 270.47, Stats. *Stolper Steel Products Corp. v. Behrens Mfg. Co.,* ante, p. 299, 99 N. W. (2d) 111. Thus, service of the proposed bill was timely.

■ *Discretionary reversal.* The testimony before the circuit court disclosed that there is real property in California in the names of both parties. The purchase price was $20,000. The down payment was $6,000, and an undisclosed amount has been paid on the balance. Prior to 1954, Mr. Hooker's income as a commission salesman "varied, but he made as high as $20,000 to $30,000 a year during short periods." A substantial property at Phelps, Wisconsin, stands in the names of the parties in joint tenancy. Testimony as to the value varied, but the court found its value at $75,000 and that it was incumbered by a $10,000 mortgage. The court found that the furnishings of the Phelps property were worth $8,000. At the time of the hearing, Mrs. Hooker was sixty-one, and Mr. Hooker sixty-two. The circuit court noted at the time of the hearing that the absence of the defendant was unfortunate because the court did not have information as to the extent of his property outside of Wisconsin although the court assumed that his holdings "may be substantial." The court made no finding or disposition with respect to the California property. The court

confirmed plaintiff's title to the household furniture and divested defendant of all real estate at Phelps, and the personal property thereon, with the plaintiff to assume the mortgage.

Some members of this court would affirm the judgment for the reason that defendant was served with various papers in the action upon three occasions, and it appears that plaintiff's attorney sent a registered letter to the defendant giving him twenty days' notice of the time and place of the hearing upon the default. The majority of the court, however, are of the opinion that under all the circumstances, this court should exercise its discretion under sec. 251.09, Stats., reverse the portions of the judgment appealed from, and remand the matter for a new trial upon those issues.

*By the Court.*—Order dated January 6, 1959, reversed. The portions of the judgment set forth in paragraphs 3 to 8, inclusive, are reversed, and the cause is remanded for further proceedings not inconsistent with the opinion filed herein. Plaintiff may tax costs in this court.