BEBERFALL, Appellant, v. BEBERFALL, Respondent.

*No. 58. Argued March 1, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 625.)

For the appellant there was a brief by *Sieker, Reynolds & Peckham* of Madison, and oral argument by *Verlin H. Peckham*.

For the respondent there was a brief by *Hughes & Harrand* of Oshkosh, and oral argument by *Thomas E. Hughes*.

WILKIE, J. Two issues are raised by this appeal:

1. Were the insurance provisions in the divorce judgment related to the property settlement or to child support?

2. If the insurance provisions are related to child support did the county court abuse its discretion in modifying those requirements?

In oral argument counsel for appellant asserted that the insurance provisions in the divorce judgment are part of the property settlement rather than part of the support payments and are therefore not subject to modification. Reliance was placed upon *Couch on Insurance*.[2]

---

[2] 5 Anderson, *Couch on Insurance* (2d), pp. 120–122, sec. 28:41.

*Couch* refers to insurance provisions which require that the *wife* be the beneficiary of the insurance policy. In the present case only the children were made beneficiaries, and the trial court specifically found that it was the intention of the parties that this provision was to provide support for the children in the event of their father's death. Thus on the facts of this case the insurance provisions in the divorce judgment are clearly to provide support for the children in the event respondent dies.

The modification of a support order is within the discretion of the court, and this court will reverse such modification only where an abuse of discretion is shown.[3] Appellant argues that there was an abuse of discretion in this case because the court failed to take evidence and because the court failed to enter the required findings. Both of these assertions are refuted by the record.

Evidentiary hearings were held on the various orders to show cause. At that time the court took all the testimony offered except that testimony which appellant desired to take. adversely from respondent. The only asserted purpose for adversely examining respondent was to inquire into his financial situation. The court refused to allow this examination, although it did accept into evidence all of respondent's income tax returns for the years 1966–1969. Additionally, the financial condition of the respondent was not an issue in the determination to change the support modification. Counsel for appellant also stipulated to the reception into evidence of a medical report relating to respondent's physical condition. Thus there is ample evidence in the record of the changed financial circumstances of both parties and the health of respondent.

While the trial court here did not enter formal findings of fact and conclusions of law, it did write an extensive decision in which it found that the continued payment

[3] *Chandler v. Chandler* (1964), 25 Wis. 2d 587, 590, 591, 131 N. W. 2d 336.

of the support by respondent would work an extreme hardship on him. The court also considered in its opinion the following factors: (1) That at the time of the divorce Freda (the appellant) was a graduate student with virtually no income, but at the time of the modification she was making more than $10,000 per year; (2) that respondent's income was $13,000; (3) that respondent was suffering from serious illness which probably would necessitate the discontinuance of his employment; (4) that appellant would be permitted to take her children to Canada; and (5) the intention of the parties in entering into the stipulation.

The trial court concluded:

". . . considering the present physical condition of the defendant-husband, there is no question in my mind that it would and does now work a hardship upon him now and in the months to come."

As to the designation of beneficiaries of the three life insurance policies the trial court further concluded:

"The court is conscious of the decisions of the courts, but approaches this matter in the interest of justice, therefore, orders that the defendant-husband be required to change the beneficiary on that policy held with the Veterans Administration, the face value of which is $5,000.00, making . . . [Judy] the beneficiary in its entirety regardless of her age at the time of his death. That he be permitted to retain the Wisconsin Employees Group Life Insurance policy, as well as the Connecticut Mutual Life Insurance Company policy, and be permitted to change the beneficiaries thereon as he may choose. In doing this, the Court feels that under the present circumstances and considering the age of the children, the intent of the stipulation, as approved by the judgment, will in all respects be carried out. . . ."

In *Chandler* [4] the court pointed out that the modification of a support judgment is not an evidentiary ques-

[4] *Id.*

tion, it is a question of discretion. So here. The relative financial condition of the parties had greatly changed as had the health of respondent. Here the trial court considered the present condition of the parties, made a finding that it would be a hardship for respondent to continue the support requirements of the original judgment, and ordered the general support payments reduced $50 and further ordered modifications in the insurance provisions. There is sufficient evidence in the record, sufficient findings made by the court, and no abuse of discretion shown.

Appellant's final argument is also without merit. She contends that the order is an abuse of discretion because it puts respondent's second wife ahead of the minor issue of his first marriage. Appellant contends that the policy behind sec. 245.10 (1), Stats., is violated by such an order. The policy behind this statute is to make certain that the children of the first marriage are not to become public charges. There is no evidence whatsoever that the modification of the support order, either as to support generally or as to the insurance beneficiary provisions, will require the youngest Beberfall child to go on welfare either immediately or in the case of Lester Beberfall's death. Here again, the trial court had discretion which it exercised. The court considered the entire circumstances of both parties to the divorce and ordered the support judgment modified. Appellant has not shown that the modifications were so clearly wrong as to constitute an abuse of discretion.

The court believes that a guardian *ad litem* should have been appointed to represent the minor children in this case.[5] This would be especially necessary in the case of the mentally retarded child. By court rule a guardian

[5] *See: Wendland v. Wendland* (1965), 29 Wis. 2d 145, 138 N. W. 2d 185; *Dees v. Dees* (1969), 41 Wis. 2d 435, 164 N. W. 2d 282.

*ad litem* is now required in any divorce action "when the court has reason for special concern as to the future welfare of the minor children." [6] While this new statute became effective after the proceedings in this case, we think that the Beberfall children should have had the protection of a guardian. Inasmuch as the court protected the interests of the minor children, the failure to appoint such a guardian does not constitute reversible error.

*By the Court.*—Order affirmed.

---

[6] Sec. (Rule) 247.045, Stats., adopted at 50 Wis. 2d ix.