STATE EX REL. Robert LYONS, Petitioner-Appellant,

v.

DEPARTMENT OF HEALTH & SOCIAL SERVICES, State of Wisconsin, Respondent.

Court of Appeals

*No. 81–170. Submitted on briefs August 31, 1981.—Decided October 26, 1981.*
(Also reported in 312 N.W.2d 868.)

For the petitioner-appellant the cause was submitted on the brief of *Steven D. Phillips,* assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Kirbie Knutson,* assistant attorney general.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J.   Robert Lyons appeals from a judgment affirming the revocation of his probation. Lyons' prin-

cipal argument is that a probationer's mental disease or defect should be recognized as a defense to a probation revocation.

After a trial to the court on the charge of carrying a concealed weapon, Lyons was found not guilty by reason of mental disease or defect and committed to the Winnebago Mental Health Institute. He contends that this finding in the criminal court prevents the Department from proceeding with revocation of his probation. We disagree, and we affirm.

Lyons was convicted of burglary in violation of sec. 943.10 (1), Stats., on September 24, 1976. Sentence was withheld, and Lyons was placed on four years' probation. One of the conditions of Lyons' probation was that he not possess a firearm. On December 19, 1979, a University of Wisconsin-Milwaukee security guard discovered Lyons in the library carrying a loaded .357 Magnum handgun plus forty-two hollow point bullets. On April 16, 1980, Lyons appeared on the criminal charge and pleaded not guilty by reason of mental disease or defect. After a trial to the court, Lyons was found not guilty by reason of mental disease or defect and committed to the Winnebago Mental Health Institute.

On May 20, 1980, Lyons' final revocation hearing was held. Lyons admitted that he possessed the gun as charged. Lyons' probation agent testified at the hearing that Lyons was definitely in need of psychological treatment. He based his opinion on the psychiatric reports submitted in the criminal case and on consultation with a staff psychologist. He noted that if Lyons' probation were not revoked, he would be returned to community living within five months because his commitment was for nine months less credit for four months served. The agent further testified that he had discussed appropriate treatment for Lyons with his supervisor and the staff psychologist, and they concluded that

the commitment as ordered by the court on the new charge would not be adequate treatment for Lyons.

The hearing examiner ordered revocation of Lyons' probation, and the Department affirmed the order on June 26, 1980. Lyons then filed a petition for a writ of certiorari. The circuit court affirmed the revocation on August 28, 1980 because it found the Department had properly considered the criteria necessary for probation revocation. On November 3, 1980, Lyons was sentenced to four years' imprisonment on the original burglary charge. He was given credit for one hundred twenty days already served against the four year sentence. Judgment was entered on November 6, 1980.

Proceedings to revoke probation are not criminal proceedings. *State ex rel. Hanson v. Department of Health and Social Services*, 64 Wis. 2d 367, 379, 219 N.W.2d 267, 274 (1974). The ultimate question in revocation proceedings is whether the probationer's rehabilitation can be successfully achieved outside prison walls or will be furthered by returning him to a closed society. *State ex rel. Flowers v. Department of Health and Social Services*, 81 Wis. 2d 376, 385, 260 N.W.2d 727, 732 (1978). The Wisconsin Supreme Court in *Flowers* held that conduct of a parolee in an incident for which he was charged and acquitted may still constitute a ground for parole revocation. According to the court, the justification lies in the inherent difference between revocation proceedings for probation or parole and criminal convictions:

[W]e believe there is a considerable distinction between the liberty of a parolee and that of one who stands accused of a crime without a prior conviction. Legally, the parolee is in the constructive custody of the Department, subject to the forfeiture of his liberty for violation of the conditions of his parole.

. . . .

The individual rights and the public purposes at stake in parole revocation are therefore distinct from those ordinarily associated with criminal punishment. The element of punishment in parole revocation is attributable

to the crime for which the parolee was originally convicted and sentenced.

*Id.* at 386, 260 N.W.2d at 733 (citations omitted).

The court in *Flowers* described the nature of revocation proceedings:

> In making [the revocation] determination, the Department is concerned not only with threats to the safety of the general community, but also with any behavior inimical to the parolee's rehabilitation. . . . For this reason, parole may be revoked for conduct which does not violate the criminal law.

*Id.* at 385, 260 N.W.2d at 733.

We conclude, under the holding in *Flowers,* that the nature of probation revocation hearings does not allow a defense of not guilty by reason of mental disease or defect. Probation revocation for certain misconduct cannot be avoided because the State has failed to prove all the elements of the criminal charge which may arise out of the same misconduct. Once the Department determines that the conditions of probation have been violated, it is authorized to revoke probation in the interests of society and the individual.

Lyons also contends that the Department was collaterally estopped from relying on his alleged criminal conduct as a basis for revocation.

Collateral estoppel precludes relitigation of an issue of ultimate fact previously determined by a final judgment in an action between the same parties. *Ashe v. Swenson,* 397 U.S. 436, 443 (1970). It applies where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged. *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 599–600 (1948).

It is clear that the rules applicable to probation revocation are not the same as those governing the criminal proceedings on the charge of carrying a concealed weapon. The sentence imposed after revocation is punishment for the previous conviction. *Flowers* at 386, 260 N.W.2d at 733. The Department, in deciding whether to revoke probation, is in a position different from the court which tries the defendant on the later charge. A revocation decision requires wide-ranging consideration of intangible, nonlegal factors which may be irrelevant to a criminal prosecution. *Id.* at 385, 260 N.W.2d at 733. In the present case, the Department could properly consider Lyons' criminal as well as his noncriminal conduct in reaching its decision on his probation.

Finally, Lyons contends that the Department did not adequately consider alternatives to revocation of his probation or to his incarceration.

The decision to revoke probation rests within the sound discretion of the Department. *State ex rel. Plotkin v. Department of Health and Social Services*, 63 Wis. 2d 535, 542, 217 N.W.2d 641, 644 (1974). Where the Department concludes that revocation is necessary to protect the public and that the seriousness of the violation would be unduly depreciated if revocation were not ordered, these findings of ultimate fact may not be questioned on review so long as they are supported by substantial evidence. *Van Ermen v. Department of Health and Social Services*, 84 Wis. 2d 57, 66, 267 N.W.2d 17, 21 (1978).

The evidence in this case is sufficient to support the Department's findings and revocation order. Lyons does not deny the conduct on which the second criminal charge was based. The Department considered the reports of

a psychologist and Lyons' probation agent in deciding which of the alternative solutions was appropriate. There was evidence to show that Lyons displayed dangerous tendencies. The record contains sufficient evidence to support the Department's exercise of discretion.
*By the Court.*—Judgment affirmed.