# IN RE the MARRIAGE OF: Arlene Holt WESTON, Petitioner-Appellant,

## v.

# Steven HOLT, Respondent.

### Court of Appeals

*No. 88-2326. Submitted on briefs June 21, 1990.—Decided August 8, 1990.*

(Also reported in 460 N.W.2d 776.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Judith M. Stern* of *Stern, Caviale & Stern* of Kenosha.

On behalf of the respondent, the cause was submitted on the brief of *Steven K. Holt, pro se.*

Before Nettesheim, P.J., Brown and Scott, JJ.

SCOTT, J. Arlene Holt Weston appeals from orders adjusting child support arrearage and establishing the current level of child support. Arlene contends that the trial court failed to apply principles of *res judicata* and/or collateral estoppel to Steven Holt's request to adjust the child support arrearage; erred in interpreting a child support order; failed to apply sec. 767.32(1m), Stats.; and abused its discretion in determining the current level of child support. We affirm the adjustment of the arrearage, reverse the current child support order, and remand for further proceedings.

Steven and Arlene were divorced on December 13, 1979. Arlene was awarded custody of their four children, then ages 14, 12, 7 and 4. Steven was ordered to pay child support of $35 per week for each child until he or she reached the age of majority. In addition, Steven was required to pay $30 per week on the child support arrearage accumulated as of the date of judgment. Between 1981 and 1982, the trial court modified the amount of child support three times. The third modified order raised the weekly amount to $160 per week but, unlike the previous orders, did not specifically state that the amount was to be allocated equally among the children.

Steven failed to make timely payments and the arrearage continued to grow. In October 1987, upon a plea of no contest, Steven was convicted of abandonment for failing to support his minor children. Hearings were held in the criminal court to determine restitution based upon the arrearage. Steven is currently paying restitution of $295 per month as a condition of probation.

In November 1987, Steven initiated an order to show cause before the family court commissioner to correct the arrearage record, to grant credits and to modify the current child support order. Steven claimed that he

should be credited for amounts which accrued after two of the children reached eighteen years of age and for the time two of the children were living with him. The family court commissioner denied the motion without prejudice. Steven then sought *de novo* review before the circuit court. The circuit court granted credits against the arrearage and set child support at $83.50 per week.

This appeal raises two major issues: first, whether the trial court erred in adjusting the child support arrearage; and, second, whether the trial court abused its discretion in reducing the current level of child support.

Arlene first argues that the principles of *res judicata* and/or collateral estoppel should have barred Steven from seeking adjustment of the arrearage because the court had resolved the arrearage amount during Steven's criminal abandonment trial.

*Res judicata* bars claims in subsequent actions between the same parties as to all matters which were litigated or might have been litigated in the former proceeding. *Landess v. Schmidt,* 115 Wis. 2d 186, 190, 340 N.W.2d 213, 215–16 (Ct. App. 1983). Collateral estoppel bars relitigation of an issue of ultimate fact previously determined by a final judgment in an action between the same parties. *State ex rel. Lyons v. DHSS,* 105 Wis. 2d 146, 150, 312 N.W.2d 868, 870 (Ct. App. 1981). It applies where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and legal rules are the same. *Id.* at 150, 312 N.W.2d at 870–01.

We conclude neither *res judicata* nor collateral estoppel applies. The issues in each proceeding were different: in one restitution, in the other child support. The matter before the criminal court was a determination of

the amount of restitution which should be paid as a condition of probation. A letter from Steven's criminal trial attorney states that restitution was finally set at $45,921 based upon a stipulation as to the amount of the arrearage. However, the record does not show how this figure was determined nor does it state that it represents the amount of the actual arrearage. The amount of restitution may or may not have coincided with the amount of arrearage. The amount of loss as a result of the crime is but one of several factors the court takes into consideration when determining the amount of restitution. Sec. 973.20(13)(a), Stats.

Arlene next argues that the trial court erred in construing the third order modifying child support to provide for allocating payments among the children.

Judgments are construed at the time of their entry and in the same manner as other written instruments. *Wright v. Wright,* 92 Wis. 2d 246, 255, 284 N.W.2d 894, 899 (1979), *cert. denied,* 445 U.S. 951 (1980). Whether a contract is ambiguous is itself a question of law. *Just v. Land Reclamation, Ltd.,* 151 Wis. 2d 593, 600, 445 N.W.2d 683, 686 (Ct. App. 1989). Words or phrases are ambiguous when they are reasonably or fairly susceptible of more than one construction. *Id.*

The clause in question reads:

> That effective May 20, 1982 the Respondent shall pay the sum of [$160] per week, as and for support for the minor children of the parties, said payments to continue until further order of the Court.

At the hearing, two possible constructions were presented. Arlene argued that $160 is to be paid until the youngest child reaches age eighteen. Steven argued that $160 was to be paid for the four minor children being

supported at the time of the order and that the language allocating the support among the children was omitted by an oversight. The trial court examined the final pre-divorce stipulation, the divorce judgment and the previous child support orders and concluded that, in keeping with the previous orders, the third modified order should have included the allocation language.

■

If judgments are ambiguous, construction is allowed and the court will consider the whole record, including pleadings, findings of fact and conclusions of law. *Wright,* 92 Wis. 2d at 255, 284 N.W.2d at 899. If there is an ambiguity, the intent of the parties is a question of fact. *Wausau Underwriters Ins. Co. v. Dane County,* 142 Wis. 2d 315, 322, 417 N.W.2d 914, 916 (Ct. App. 1987). Findings of fact are not set aside unless clearly erroneous. Sec. 805.17(2), Stats.

■

We conclude the clause ordering $160 "for the support for the minor children" is ambiguous. At the time of the order, the $160 was for the support of four children. It is not clear, however, whether it requires Steven to pay $160 per week as long as there are any minor children or whether, similar to past orders, the sum represents an allocation of $40 per child.

The intention of the parties and the orders relating to child support were documented five times. The final pre-divorce stipulation between the parties, the divorce judgment and the first two modified orders all allocate the weekly child support equally among the children. It is only the third modified order that does not include the allocation language. Therefore, the trial court's finding that leaving out the allocation language was an oversight is not clearly erroneous. The trial court did not err in

adjusting the arrearage for amounts which accrued after two of the children reached eighteen years of age.

■

Arlene next argues that sec. 767.32(1m), Stats., precludes the trial court from canceling the arrearage unless there is a mathematical error. We disagree.

Section 767.32(1m), Stats., does not apply here. The Wisconsin Supreme Court has ruled that sec. 767.32(1m), which became effective August 1, 1987, applies prospectively only. *Schulz v. Ystad,* 155 Wis. 2d 574, 598, 456 N.W.2d 312, 321 (1990). Here, the order for support was entered in 1982.

Child support arrearage accruing pursuant to an order or judgment for support entered prior to August 1, 1987 may be reduced or eliminated in accordance with the legal principles applicable before that date. *Id.* Under prior law, the retroactive modification of child support arrearage was a discretionary remedy which aimed to provide a just result in light of all the circumstances. *Id.* at 599, 456 N.W.2d at 321. Before August 1, 1987, therefore, granting credits against the arrearage was a valid remedy.

The second major issue is whether the trial court abused its discretion by reducing the current level of child support. Arlene argues that the trial court abused its discretion by reducing child support without any evidence and without giving her the opportunity to cross-examine Steven about his income, assets and ability to pay.

■

A modification of child support rests within the sound discretion of the trial court and will not be reversed absent an abuse of the court's discretion. *Edwards v. Edwards,* 97 Wis. 2d 111, 116, 293 N.W.2d 160, 163 (1980). Proper exercise of discretion exists

where the record reflects that the court considered the needs of the custodial parent and children, and the ability of the noncustodial parent to pay. *Id.* An assessment of ability to pay considers the noncustodial parent's income, assets and debts, age and health. *Id.* In addition, sec. 767.32(1), Stats., requires that:

> [a]ny change in child support because of alleged change in circumstances shall take into consideration each parent's earning capacity and total economic circumstances.

At the hearing, Arlene testified about her financial situation and needs and filed a financial statement. Steven was not present, but his attorney described Steven's financial situation and submitted one paycheck statement as evidence of his current income. The trial court found that Steven was currently earning $26,000 per year, that he was paying $295 per month in restitution and that he was required to support three minor children—two from his marriage to Arlene and the other from his present marriage.

The trial court fixed the current level of child support at $83.50 per week. It arrived at that figure by first reducing Steven's income by $295 per month and then taking 29% of the adjusted gross income. Twenty-nine percent is the percentage of income standard used to determine child support for three children. *See* Wis. Adm. Code sec. **HHS 80.03(1)(c).** Two-thirds of this amount was awarded to Arlene.

If the percentage of income standard were correctly applied, 17% and 25%, not 29%, should have been used. Wis. Adm. Code sec. **HSS 80.04** states in relevant part:

(1) DETERMINING THE CHILD SUPPORT OBLIGATION OF A SERIAL FAMILY

PAYER. For a serial family payer the child support obligation may be determined as follows:

(a) Determine the payer's base in accordance with **s. HSS 80.03 (1)** (intro.);

(b) Determine the payer's adjusted base by applying one of the following methods, as appropriate:

. . ..

2. When the payer has other children legally under his or her care who are not subject to a court order, multiply the appropriate percentage for the number of children legally under the payer's care [17% for one child] by the base as determined on the worksheet. Subtract this amount from the base to determine the adjusted base; and

(c) Multiply the appropriate percentage for the number of children subject to the new order [25% for two children] by the adjusted base determined in . . . par. . . . [(b)] 2 to determine the child support obligation.

Moreover, Steven's gross income should not have been reduced by the restitution amount. Gross income means all income derived from any source and realized in any form. Wis. Adm. Code sec. **HSS 80.02(12)**. The only reductions to gross income are public assistance and child and spousal support received from previous marriages. Wis. Adm. Code sec. **HSS 80.02(13)**.

In a proceeding to modify child support, a trial court is not mandated to apply the percentage of income standard. *Long v. Wasielewski,* 147 Wis. 2d 57, 62, 432 N.W.2d 615, 616 (Ct. App. 1988). If the court does not apply it, however, the record must clearly show that the trial court considered Steven's "total economic circumstances" in modifying the current child support. This record does not show that Steven's total economic cir-

cumstances were considered and thus that the modification reflected a proper exercise of discretion.

Because the percentage of income guidelines were applied erroneously, and because the record does not reflect a proper exercise of discretion, we reverse the order specifying the current amount of child support. On remand, we direct the trial court either to apply the correct percentage of income standard or to make explicit the economic circumstances considered and its reasoning in arriving at a revised support figure so that the trial court's exercise of discretion under sec. 767.32(1), Stats., appears on the record.

Costs are denied to both parties.

*By the Court.*—Orders affirmed in part; reversed in part and cause remanded with directions.