STATE of Wisconsin, Appellant,

v.

David HALVERSON, Respondent.

Court of Appeals

*No. 90-1185. Submitted on briefs January 8, 1991.—Decided April 11, 1991.*

(Also reported in 470 N.W.2d 313.)

For the appellant the cause was submitted on the briefs of *Angela L. Machi* of La Crosse.

For the respondent the cause was submitted on the brief of *David E. Joanis* of *Davis, Birnbaum, Joanis, Marcou & Colgan* of La Crosse.

Before Eich, C.J., Dykman and Sundby, JJ.

SUNDBY, J.    The state appeals from an order and judgment denying the motion of the La Crosse County Child Support and Paternity Agency (Agency) under sec. 767.32, Stats., to modify the judgment of divorce of

Darnese and David Halverson, to increase David's support obligation. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

The judgment divorcing the parties awarded Darnese custody of the two minor children, Marshel and Carl, and ordered David to pay child support. Thereafter, the circuit court transferred temporary custody of the children to David and child support was temporarily terminated.

On June 20, 1989, upon agreement of the parties, the trial court ordered the judgment amended to award legal custody of Marshel to Darnese and legal custody of Carl to David. No child support was ordered. The court vacated this order on March 28, 1990, because the Agency was not notified of the agreement. However, Marshel continues to reside with Darnese, and Carl with David.

The state, through the Agency, moved the circuit court to amend the divorce judgment and subsequent child support orders to increase David's child support obligation. After a hearing, the circuit court entered an order and judgment requiring David to pay $12.50 per week for Marshel's support. The court also required Darnese to make a weekly job search and report the result to the Agency.

The court exercised its discretion to not apply the child support guidelines because payment of child support, except for the first $50 per month, would not benefit Marshel but would merely reimburse the state for AFDC. The court also considered that David paid the children's medical health insurance premiums.[1]

---

[1]David does not dispute the state's contention that sec. 767.25(4m)(b), Stats., required the trial court to assign responsibility for and direct the manner of payment of the children's

The state's first claim is that the trial court abused its discretion when it refused to increase David's child support obligation because the effect, except for the first $50 per month, would be to reimburse the state for its AFDC payments. Darnese applied for AFDC for herself and Marshel in May 1989, and was receiving AFDC as of the date of the hearing on the state's motion.

AFDC is granted pursuant to sec. 49.19, Stats. When any person applies for or receives aid under sec. 49.19, any right of the parent or any dependent child to support is assigned to the state. Section 49.19(4)(h)1.b. However, the first $50 of any money received by the department in a month under such assignment is paid to the family applying for or receiving AFDC. Section 49.19(5)(a)1m.

Under sec. 767.075(1)(c), Stats., the state is a real party in interest for purposes of establishing future support whenever aid under sec. 49.19, Stats., is provided to a dependent child. The state may apply to the court under sec. 767.32, Stats., to modify child support. Section 767.32(4) provides:

> In any case in which the state is a real party in interest under s. 767.075, the department of health and social services shall review the support obligation periodically and whenever circumstances so warrant, petition the court for revision of the judgment with respect to the support obligation.

health care expenses *in addition* to child support. David has therefore conceded the state's contention. *See State ex rel. Sahagian v. Young,* 141 Wis. 2d 495, 500, 415 N.W.2d 568, 570 (Ct. App. 1987) (appellant's propositions are taken as confessed if not refuted).

Section 767.32(1) provides, in part, that, "receipt of aid to families with dependent children under s. 49.19 . . . may be sufficient to justify a revision of judgment . . .."

David frames the issue as whether the circuit court abused its discretion when it declined to use the child support standards set out in Wis. Adm. Code ch. HSS 80. We do not see that as the issue. The issue is whether the circuit court abused its discretion when it refused to increase David's child support obligation because the increased support, except for the first $50 monthly, will not benefit Marshel but will reimburse the state for AFDC payments. We conclude that it did. The court's refusal negates the legislative plan to require parents to support their children. Sections 49.19(4)(h)1.b. and 767.32(4), Stats., allow the state to recover from the noncustodial parent child support assistance which the state has paid or will pay because the noncustodial parent is not paying his or her appropriate child support.

We reject the state's second claim that because of the change of custody, the court should determine David's responsibility for child support under sec. 767.25, Stats. That section applies only in specified circumstances, including entry of a judgment of divorce, which is not the circumstance presented in this case. Here, a judgment of divorce has already been entered and the question is whether that judgment should be revised under sec. 767.32(1), Stats. Therefore, on remand, the circuit court may in its discretion apply the percentage of income standards established by DHSS in Wis. Adm. Code ch. HSS 80. *See Abitz v. Abitz,* 155 Wis. 2d 161, 179–80, 455 N.W.2d 609, 617 (1990) (in proceeding to modify child support, the trial court is not mandated to apply percentage of income standards).

Finally, the state argues that the circuit court abused its discretion when it required the Agency to monitor Darnese's job search efforts. The judgment and order required Darnese to apply for three jobs per week and report in writing to the support specialist at the Agency the details regarding those applications. The state does not question the circuit court's authority to order Darnese to make job searches but questions the court's authority to order the Agency to "monitor" Darnese's efforts. The state argues that any such "monitoring" is the responsibility of the county Department of Human Services, not the Agency.

The judgment and order does not require that the Agency do anything with Darnese's reports or take any action if she does not report. The circuit court evidently believed that the results of Darnese's job searches would be useful to the Agency. We conclude that the circuit court did not abuse its discretion in this respect.

We therefore affirm the order and judgment insofar as it orders Darnese to report the results of her weekly job searches to the Agency. We reverse the remainder of the order and judgment and remand with directions that the circuit court decide the state's petition under sec. 767.32(1), Stats., without considering AFDC in determining the total economic circumstances of the parties.

*By the Court.*—Order and judgment affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

DYKMAN, J. *(dissenting).* The majority concedes that in proceedings to modify child support, the trial court is not required to use percentage standards to determine child support. *Abitz v. Abitz,* 155 Wis. 2d 161, 179–80, 455 N.W.2d 609, 617 (1990). If percentage stan-

dards are not used, the court is to consider the needs of the custodial parent and children, the ability of the non-custodial parent to pay, and the parties' total economic circumstances. *Weston v. Holt,* 157 Wis. 2d 595, 602–03, 460 N.W.2d 776, 780 (Ct. App. 1990); sec. 767.32(1), Stats. Ironically, in *Weston,* we reversed the trial court because it did not consider the noncustodial parent's total economic circumstances. *See id.* at 604–05, 460 N.W.2d at 780–81. Here, the majority reverses the trial court because it did so.

The paramount goal of the child support statute is to promote the best interests of the child. *Ondrasek v. Tenneson,* 158 Wis. 2d 690, 695, 462 N.W.2d 915, 917 (1990). The trial court did that, and also considered the economic circumstances of the parties:

> Mr. Halverson is making an income above the subsistence level, but certainly not to the point where he could pay what would be considered a full amount of child support. To order the full amount of child support at this particular point in time would benefit neither child.
>
> Based on his income he can apparently adequately support the child in his custody, but not extensively or lavishly . . . [a]nd to . . . use the guidelines would in essence be robbing Peter to pay Paul.
>
> In addition, he's already paying some other expenses, insurance, clothing, etc. But there is some ability to pay some minimal payment for child support.
>
> Accordingly, I am . . . going to order that he will make a payment of $50 per month as and for support to be payable on the 1st and the 15th of each month.

The majority directs the trial court to do what it has already done, but to avoid considering whatever impact

AFDC may have on Darnese's finances. The trial court has already found, and will presumably again find, that David is making an income above the subsistence level, but that he cannot pay more than a minimal payment for child support. Earning capacity is, of course, the major factor a trial court considers in applying sec. 767.32(1), Stats.,[1] which the majority directs the trial court to use when it again considers the amount of child support David should pay.

Orders setting child support lie within the trial court's discretion. *Resong v. Vier,* 157 Wis. 2d 382, 387, 459 N.W.2d 591, 593 (Ct. App. 1990). We will not find an abuse of discretion if the record shows that there is a reasonable basis for the trial court's determination. *In re R.P.R.,* 98 Wis. 2d 613, 619, 297 N.W.2d 833, 836 (1980).

Ordinarily, we would review the record to see whether the record supports the trial court's decision to set support at $50 per month. Though there is some conflict in the testimony, we customarily resolve factual conflicts in favor of the trial court's findings. *State v. Marty,* 137 Wis. 2d 352, 359, 404 N.W.2d 120, 123 (Ct. App. 1987). Using that standard, it is clear that there is support for the trial court's conclusion.

The majority does not explain why it deviates from our usual method of deciding cases where the trial court considers an impermissible factor, but the record as a whole supports the trial court's conclusion. The result expends judicial resources unnecessarily, and reallocates funds better spent for child support to litigation expenses. Were I writing for the majority, I would affirm the trial court's support award because it is supported by

---

[1]Section 767.32(1), Stats., provides in part:

Any change in child support because of alleged change in circumstances shall take into consideration each parent's earning capacity and total economic circumstances.

460

the record which shows that David's ability to pay support is about $50 per month.